CATHERINE E. PERROTTI, Administratrix of the Estate of P. LEO PERROTTI, Deceased, Appellant, *v.* RUSSELL F. MILLER, Respondent.

No. 4526

October 26, 1962

375 P.2d 409

*Harvey Dickerson,* of Las Vegas, for Appellant.

*G. William Coulthard* and *Franklin N. Smith,* both of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Miller, respondent herein and plaintiff below, filed his complaint against Catherine E. Perrotti as administratrix of the estate of her deceased husband, P. Leo Perrotti, alleging that Miller had employed Perrotti, an accountant duly licensed and authorized to practice the profession of public accountancy, to perform certain auditing and accounting services for Miller and had paid Perrotti $2,000 as and for a retainer fee for services to be rendered by Perrotti for Miller; that prior to rendering said services in full, Perrotti died and that as of the day of his death he had performed services of no more than the reasonable value of $500; that Miller's claim for return of the balance, namely, $1,500 was rejected by the administratrix. The court rendered judgment in favor of Miller for $1,370, with interest and costs and an attorney fee of $200. The brief of the administratrix contains no assignment of error and no statement of the issues involved in the appeal, as required by Rule 23(2) S.C.R., cites no authority, and merely asserts that the court's decision and judgment are contrary to the evidence.

The court found as follows:

"1. That in October, 1959, plaintiff employed one P. Leo Perrotti, a certified public accountant, to assist him in settling an income tax dispute then pending between the Bureau of Internal Revenue and said plaintiff.

"2. That said Perrotti, while setting no definite sum for so representing the plaintiff, did ask for a $2,500.00 payment in advance, of which sum said plaintiff paid $2,000.00.

"3. That although the income tax dispute was not settled, Perrotti did spend 31½ hours working upon the matter, then died before anything further was accomplished.

"4. That Perrotti's wife was appointed the administratrix of his estate.

"5. That plaintiff conceded that $500.00 was a sum which he considered reasonable and adequate for the time said Perrotti had spent upon his case, and presented a claim against the estate for $1,500.00 to be returned, which claim was denied. That this action was then instituted for the return of said sum.

"6. That Mrs. Perrotti, as executrix, contended that the plaintiff and her husband had agreed upon an initial payment of $5,000.00, and consequently filed herein a counterclaim for $3,000.00. That the evidence failed to prove such an agreement to pay $5,000.00.

"7. That the only evidence adduced at the trial concerning the value of Perrotti's services was the fact that $20.00 per hour for straight auditing was considered to be a fair fee to be charged by a certified public accountant.

"8. That the 31½ hours of time spent by P. Leo Perrotti at $20.00 per hour amounts to $630.00."

A careful consideration of the record shows that these findings find ample support in the evidence.

Judgment affirmed with costs.